UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LEWIS ET AL | : | DOCKET NO.  2:14-cv-00003 |
| VS. | : | JUDGE JAMES T. TRIMBLE |
| SOUTHEAST COMMERCIAL CLEANING L L C | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Conditionally Certify FLSA Collective Action and to Facilitate Notice Under 29 USC §216(b) filed by the plaintiffs Martha Miller, Michelle Lewis, Michael Lartique, Paul Waldon, and Kim Simon (hereinafter "plaintiffs" collectively).  The motion is opposed by the defendant Southeast Commercial Cleaning, LLC (hereinafter "SEC" or "defendant").  For the reasons set forth below, the plaintiffs' motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

**I.**
**FACTS & PROCEDURAL HISTORY**

The defendant, SEC, is a company engaged in the business of providing janitorial services to various commercial entities throughout the country, one of which is Prien Lake Mall in Lake Charles, Louisiana.  On January 2, 2014, the plaintiffs, former employees of SEC who worked at the Prien Lake Mall, filed a complaint in this court claiming that during their employment the defendant failed to pay them the federal minimum wage required under the Fair Labor Standards Act (FLSA).  The plaintiffs allege that this failure resulted from various

improper and illegal payroll practices which they claim were all part of a standard company policy. Specifically, the plaintiffs allege that:

- Defendant automatically deducted 30 minutes from plaintiffs' shifts for a "lunch break" without regard for whether plaintiffs were in fact relieved of all of their duties for the full time of that break (and in fact, plaintiffs were often not completely relieved of their duties during that break);
- Defendant rounded plaintiffs' hours down in a manner that benefitted defendant;
- Defendant required plaintiffs to attend mandatory meetings for which they were not allowed to clock in and were not paid
- Defendant required plaintiffs to report to work at least fifteen minutes prior to the start of their shifts but would not allow them to clock in until the time their scheduled shift was to begin. Doc. 17, att. 1, p. 10.

On June 25 and again on October 8 of 2014 the plaintiffs filed FLSA consent forms indicating that Barrica Reeder (also known as Barrica Busch) and Georgia Kimble had respectively joined the action as "opt-in" plaintiffs.

In the motion now before us plaintiffs ask that we conditionally certify as an FLSA Collective Class "[a]ll individuals who, since January 2011 to the present previously worked or currently work for [SEC]" pursuant to 29 USC §216(b). Doc. 17, p.2-3.  Plaintiffs also request that we authorize notice of this action to potential members of the alleged class and approve the plaintiffs' forms submitted to accomplish that notice.  In support of their requests, the plaintiffs claim that they are sufficiently "similarly situated" to warrant certification because the defendant subjected all of them to a set of common policies and practices that violated the FLSA.

SEC contends that the plaintiffs should not be granted conditional class certification because they have not demonstrated "(1) that any such individuals desire to opt-in to this lawsuit nor (2) that those aggrieved individuals are similarly situated to Plaintiffs. Doc. 22, p. 3.

## II.
## LAW & ANALYSIS

A.  *Conditional Certification*

Secton 216(b) of the FSLA provides that an individual may maintain an FLSA action on "behalf of himself…and other employees similarly situated." 29 USC §216(b). Federal district courts are given discretion under the statute to certify a collective action of similarly situated employees and direct that notice of the litigation be sent to those employees. *Updite v. Delta Beverage Group, Inc.*, no. A06-0593, 2006 WL 3718229 (W.D. La., Dec. 15, 2006). Unlike a traditional Rule 23 class action situation (in which members are automatically included), members of a collective action brought under the FLSA must "opt-in" because "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Fifth Circuit has recognized two methods by which a court can approve an FLSA collective action but has not expressly adopted either as the proper method to certify. *See Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Under the first approach, FLSA collective action certification is the same as class certification under Rule 23: a plaintiff must establish numerosity, commonality, typicality, and representativeness before notice is sent to the potential class members. *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263, 266-7 (D.Colo. 1990).

The second approach, which has been used by the majority of district courts in this circuit,[1] addresses the "similarly situated" requirement in a two-step analysis. *Lusardi v. Xerox*

---

[1] *See*, *e.g.*, *Treme v. HKA Enterprises, Inc.*, no. 07-1134, 2008 WL 941777 (W.D. La., April 7, 2008); *Lopez v. Sam Kane Beef Processing*, no. CC-07-335, 2008 WL 565115 (S.D. Tex., Feb. 29, 2008); *Clary v. Southwest Airlines* no. 3:07-CV-0126-P, 2007 WL 4947690 (N.D. Tex., Dec. 12, 2007); *Gallender v. Empire Fire & Marine Ins. Co.*, no. 5:05cv220, 2007 WL 325792 (S.D. Miss., Jan 31, 2007); *Updite*, 2006 WL 3718229; *England v. New Century Fin. Corp.*, nos. CIV.A.03-360, CIVA.A.04-216, 370 F.Supp.2d 504 (M.D. La. 2005).

*Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  In the first step, commonly referred to as the "notice" stage, "the district court makes a decision—usually based only on the pleadings and affidavits which have been submitted—whether notice should be given to the potential class members." *Id.* at 1213-14.  The second stage is normally precipitated by a motion to decertify the class filed by the defendant upon substantial completion of discovery, in which the court conducts a more searching inquiry on the numerosity, commonality, typicality, and representativeness of the parties. *Id.* Nonetheless, it is only the initial "notice" stage with which we are concerned in the instant case.  As the majority of district courts in this circuit have adopted the *Lusardi* two-step approach, we will proceed under that analytical framework as well.

> As one court in this district succinctly summarized while discussing the "notice" stage:
>
> Under *Lusardi,* the plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist. While the burden imposed is not particularly heavy, conditional certification is by no means automatic. *See Badgett v. Texas Taco Cabana, L.P.,* 153 Lab.Cas.P. 35,224 (S.D.Tex .10/12/2006) (Miller, J.) (stating that, of the 115 FLSA actions filed in the Southern District of Texas purporting to be collective actions, only 17 were certified as such). While a plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist, *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir.1996), at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan must be presented. *Lima v. Int'l Catastrophe Solutions, Inc.,* 493 F.Supp.2d 793, 798 (E.D.La.6/27/2007) (Fallon, J.); *Badgett,* 153 Lab.Cas.P. 35,224 at *2; H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex.6/23/1999) (Cobb, J.). Otherwise, the plaintiff's motion must be denied.

*Treme v. HKA Enterprises, Inc.*, No. 07-1134, 2008 WL 941777 at *2 (W.D. La., April 7, 2008. Guided by such precedent we find that the plaintiffs have met their burden of showing the existence of "at least a few" similarly situated individuals. *Id.* Both the plaintiffs' allegations in their complaint and in their affidavits submitted in support of this motion indicate as such.  The complaint, for instance, is brought "on behalf of [the plaintiffs] and other individuals who...previously worked or currently work for [SEC]," and each plaintiff has asserted by

affidavit that he or she was "aware that many other employees who were retained by Defendant were subjected to the same policies and practices described above." *See e.g.* Doc, 17, att. 4, p. 2.

We recognize that these assertions alone are not enough to meet the standard discussed above but we find further factual support in the submissions of both parties to this court. The defendant has provided us with an employee handbook which reads that "[e]ach employee will punch out/sign out, for a 30-minute break…and…will punch back in/sign in at the end of the 30-minute break." Doc. 22, att. 1, p. 2. Despite the policy stated in the handbook, both the defendant and the plaintiffs' have submitted time-cards that indicate that a different policy was, in fact, in place. A thorough review of these time-cards reveals that employees punched in and subsequently punched out only once per day. Handwriting on each of the time-cards shows that, thereafter, thirty-minutes was simply deducted from the employees' total hours as shown on the card stamps. This practice is evident on the time-cards of at least six separate employees, [*see* Doc. 22, att. 2, pp. 19 *et seq.*; Doc. 26, att. 1] and supports the plaintiffs' statements that they were "not required to clock out during…meal breaks." *See e.g.* Doc. 15, att. 5, p. 1. This evidence. taken together with their assertions that they and others were subjected to the "same policies," leads us to the conclusion that the plaintiffs have met the decidedly "lenient" standard for conditional certification. *Mooney*, 54 F.3d at 1214.

  B. *Notice*

Turning to the scope of the class, we agree with the defendant that the plaintiffs' "proposed notice is overly broad in scope." Doc. 22, p. 8. The plaintiffs have only submitted affidavits and time-cards of SEC employees employed at Prien Lake Mall in Lake Charles, Louisiana, and nothing in the record suggests that the alleged violations of the FLSA occurred anywhere other than at that location. *See e.g.* Doc. 17, att. 2-6, p. 1. Furthermore, we recognize

case law that supports our authority to limit the scope of certification to a particular office or locality. *See Chabrier v. Wilmington Fin., Inc.*, no. COV.A. 06-4176, 2006 WL 3742774 (E.D. Pa., Dec. 13, 2006) (granting motion to certify collective action but only to the limited extent that plaintiffs sought certification of employees at the company's Cincinnati office, and not other office locations). Accordingly we grant conditional certification but limit the scope of that certification to all current and former employees who, since January 2011, who are or were employed by SEC at the Prien Lake Mall. To the extent the plaintiffs amend their notice and consent forms to comply with this directive, we find them sufficient to give any potential opt-in plaintiffs notice of this action. Finally, contrary to SEC's suggestion, we do not find it necessary to include language to the effect that opt-in plaintiffs "may be required to participate in discovery, including giving sworn deposition testimony, if in fact they decide to join the case." Doc. 22, p. 9.

### III.
#### CONCLUSION

For the reasons set forth above, the plaintiffs' motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

THUS DONE this 24th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE