UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


MICHELLE LEWIS, ET AL          :          DOCKET NO. 14-cv-00003


VERSUS                         :          JUDGE TRIMBLE

SOUTHEAST COMMERCIAL
CLEANING, LLC, d/b/a/ NATIONAL
HOTEL & CASINO SERVICES, LLC   :          MAGISTRATE JUDGE KAY


MEMORANDUM RULING


Before the court is a Motion to Compel Discovery Responses [doc. 38] filed by Michelle

Lewis and other presently enrolled claimants in the current action ("plaintiffs"). Plaintiffs claim

that a delay in discovery responses prejudiced their ability to notify and enroll prospective

claimants for their class action. They therefore also move to reopen and extend the opt-in period

for enrolling claimants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) [*Id.*].

Southeast Commercial Cleaning ("defendant") opposes the motions [doc. 40].

For the foregoing reasons, the plaintiffs' motions are **DENIED**.

I.
BACKGROUND

Plaintiffs, who are current and former employees of the defendant, instituted a suit in this

court on January 2, 2014, alleging violations of the FLSA. Doc. 1, p. 1. This court conditionally

certified the case as a collective action under the FLSA on November 24, 2014. Doc. 28. The

plaintiffs then propounded interrogatories on December 10, 2014, seeking the names and addresses

of employees of the defendant from January 2011 onward so that they could begin enrolling

potential opt-in plaintiffs. Doc. 38, att. 2, p. 5. Under the default notice FLSA notice period for

this circuit, the deadline for enrolling opt-in plaintiffs was set at sixty days from the time notice was mailed. Doc. 29; *see McCloud v. McClinton*, 2015 WL 737024 at \*10 (W.D. Tex. 2015) (collecting cases).

On January 27, 2015, the plaintiffs claim that they mailed notice of the suit to the sixty addresses provided by the defendant. Doc. 38, att. 1, p. 3. Over the next several weeks, over one-third of these notices were returned to the plaintiffs' counsel marked as "undeliverable," "vacant," or "insufficient address." Doc. 38, att. 3, pp. 1–23. Plaintiffs' counsel then sent a letter via email attachment to defendant's counsel on March 5, 2015, requesting that the defendant supplement its responses with more complete and correct addresses or provide a copy of their most recent tax forms so that the plaintiffs could determine the addresses from W-2 mailings, within the next seven days. Doc. 38, att. 4, p. 1. By email on March 26, 2015, plaintiffs' counsel also provided the defendant's counsel with a list of the prospective claimants whose letters had been returned. Doc. 38, att. 5, p. 1. On April 15, 2015, the defendant's counsel replied, stating that his client had no better addresses than those previously provided. Doc. 38, att. 6, p. 1. He also noted that the opt-in period had already expired. *Id.*

The parties attended a telephonic scheduling conference before Magistrate Judge Kay on April 23, 2015, where the trial date was set for January 11, 2016. Doc. 36. The next day plaintiffs' counsel sent another email to defendant's counsel. Doc. 38, att. 7, p. 1. In it counsel requested that the defendant sign an affidavit "along the lines of what the Court suggested,"[1] stating steps taken

---

[1] Though not reflected in the minutes of the scheduling conference we believe the issue of defendant's compliance (or, according to plaintiffs, lack thereof) was raised with plaintiffs counsel claiming answers were incomplete and defense counsel restating the fact that plaintiffs were given what defendant had.  We suggested to plaintiffs' counsel that there would be nothing for the court to order if defendant claims all was given and suggested that defendant could provide an affidavit attesting to the accuracy of the responses for whatever additional assuredness that may give in addition to the ordinary warranties afforded through signature on the responses by F.R.C.P. Rule 26.

to discover the addresses and attesting that it had no additional contact information on those employees. *Id.* Neither party claims any response or follow-up by either attorney from this email.

The plaintiffs allege that in late May they were able to uncover different, complete addresses for at least twelve prospective claimants whose notices had previously been returned as undeliverable, through the efforts of one of the opt-in plaintiffs. Doc. 38, att. 1, p. 5; Doc. 38, att. 8, p. 1. They then filed these motions on August 14, 2015, requesting that the opt-in period be reopened for an additional sixty days in order to give these individuals the opportunity to enroll. They also request that the defendant be compelled to provide either additional and correct address information on the remaining individuals or the affidavit described above. Doc. 38, att. 1, p. 5. The defendant contends that they have offered the best addresses they have and that any questions on how those addresses were acquired can be directed to the defendant's corporate representative during his upcoming deposition. Doc. 40, p. 3.

## II.
### LAW & ANALYSIS

As the purpose of acquiring new addresses from the defendant is to enroll new plaintiffs by reopening/extending the opt-in period, the plaintiffs' motions are dependent on one another. Though the means and the end are intertwined, our review of them is still governed by distinct considerations. Therefore we handle them separately, looking first to the ultimate goal of reopening the opt-in period to see if the motion to compel would be justified.

### A. *Motion to Reopen and Extend the Opt-In Period*

In order "to avoid a never-ending certification process," class/collective action certification discovery is conducted on a set schedule. *Nerland v. Caribou Coffee Co., Inc.*, 564 F.Supp.2d 1010, 1037 (D. Minn. 2007). However, courts also have the authority over this process "to promote judicial economy and fairness to litigants." *De Asencio v. Tyson Foods, Inc.*,

342 F.3d 301, 313 (3rd Cir. 2003) (internal citations omitted). As the plaintiffs note, judicial economy is served "by the **efficient** resolution in one proceeding of common issues of law and fact." *Hoffman-La Roche v. Spurling*, 493 U.S. 165, 170 (1989) (emphasis added). Finally, we consider the impact on prospective claimants who did not receive notice during the original opt-in period.[2]

The defendant contends that the prospective claimants' rights are protected by their ability to bring another suit. However, the statute of limitations is two years for general FLSA violations and three years for "willful" violations. 29 U.S.C. § 255(a). Therefore it is likely that some of the prospective claimants will be prejudiced if they are unable to join this suit. Under the principles articulated in *Hoffman-La Roche*, we also find it to be in the interest of judicial economy to allow claimants asserting FLSA violations against the same employer over a defined time period to do so in the same suit, if they can do so with minimal delay.

However, we note that the plaintiffs have not identified a single prospective claimant from the better addresses they acquired who would like to opt into the suit but was unable to do so. It would not serve judicial economy to allow the plaintiffs' attorneys to cast their nets again at this late stage without greater justification, especially when adding a new sixty day opt-in period would bring us within eight weeks of the current trial date. We therefore find that reopening the FLSA opt-in deadline at this late stage is not warranted. Counsel is free, however, to seek leave of court to allow any individual to be allowed to join when and if additional parties are located and who wish to participate, which requests will be considered on a case-by-case basis.

---

[2] In *De Asencio*, the Third Circuit called for reopening the opt-in period on a FLSA case after 11 percent of the 3400 notices mailed had been returned as undeliverable and the defendant had hired an additional 700 employees after the opt-in period who might also have a claim, but had never received notice. 342 F.3d at 312–13.

### B. *Motion to Compel*

Having determined that the opt-in period should not be reopened, we next look to whether anything more should be required of the defendant in providing addresses of current and former employees.

Discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). A party who is served with an interrogatory has a duty of candor in his responses and must either respond fully or raise an objection. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977). Evasive or incomplete answers are treated as failures to answer. *Id.* (citing Fed. R. Civ. P. 37(a)(3)).

The party posing discovery may move to compel the disclosure of any materials or responses requested so long as such discovery is relevant and otherwise discoverable. Fed. R. Civ. Proc. 37(a). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or persons failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

We have not been given a copy of the defendant's formal response to the interrogatories but we assume the responses have been given in an appropriate format and with the appropriate signature affixed as required by Fed. R. Civ. P. 26(g).  We cannot order the defendant to produce something it does not have (such as "accurate information regarding potential optin plaintiffs' addresses") as requested by plaintiffs in their motion.  To the extent plaintiffs seek additional information as to what process was utilized to accumulate the information that was responsive to the interrogatories propounded, this information should be sought through additional discovery,

including but not limited to the corporate deposition that apparently is set to take place in the near future.  In short there is nothing for this court to order defendant to do.

### III.
#### CONCLUSION

For the reasons stated above, the plaintiffs' Motion to Compel and to Reopen/Extend the FLSA Collective Action Opt-In Deadline [doc. 38] is **DENIED**.

THUS DONE this 24th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE